■ RICHARD BANKS, Appellant-Respondent, v LAURENE BANKS, Respondent-Appellant.—Judgment, Supreme Court, New York County, entered September 1, 1978, granting a dual divorce and providing for custody, visitation and various incidents of support, expenses, and counsel fees, unanimously reversed, on the law, and the case is remanded for a hearing and findings with respect to plaintiff's income and expenses and the feasibility of the plan for custody, child support and possession of the marital home and with respect to allowed and disallowed disbursements. The terms of the present arrangement embodied in the judgment are to continue subject to further order. The appeal and cross appeal from the order, entered May 31, 1978, is dismissed as moot; and the appeal from the order, entered September 28, 1978, is dismissed on the ground that an order denying reargument is nonappealable. No costs or disbursements are awarded to either party. This was a bitterly contested matrimonial action in which the trial court saw fit to grant dual divorces. The trial court went to great pains to plan positively for the benefit of the children; however, the court's plan for the liquidation of the marriage does not determine all related issues and is subject to frustration by defendant's refusal to comply with the conditions it imposes on her "sole custody" and "exclusive occupancy", or, on the other hand, by the plaintiff's lack of funds. Therefore, on this record this court cannot judge the propriety of the arrangement. The plaintiff claims the financial arrangement to be unfeasible, and, indeed, there has been no finding that plaintiff's resources were understated or his expenses overstated. This is a proper subject for further and fuller exploration because, although this court may approve such a "child centered" plan, it can only work if plaintiff has sufficient funds. There should be evidence as to plaintiff's ability to support this plan presented to the trial court, and findings should be made as to the plan's desirability and economic feasibility. The court on remand can also take that opportunity to explore the legal disbursements that should be allowed to defendant. Concur—Murphy, P. J., Evans, Fein, Markewich and Silverman, JJ.